PER CURIAM.
Florida Public Employees Council 79, AFSCME, AFL-CIO (the union) appeals a final order of the Public Employees Relations Commission (PERC) that summarily dismissed an unfair labor practice (ULP) charge filed by it against the State of Florida. The union alleged that the state had committed a ULP by refusing to arbitrate a grievance concerning the layoff of certain personnel of the Department of *122 Children and Families contrary to the procedure established in the parties’ collective bargaining agreement (CBA) which incorporated the provisions of Florida Administrative Code Rule 60K-17, governing layoffs based upon a “bumping” procedure. Because we conclude that the provisions of rule 60K-17 were revised by the “Service First” legislation, chapter 2001-43, Laws of Florida, and later implemented by rule 60L-33.004, establishing a new procedure for imposing layoffs, by taking into consideration comparative merit, demonstrated skills and the employee’s experience, we affirm the order of dismissal.
This case is remarkably similar in its facts to those in Florida Public Employees Council v. State, 921 So.2d 676 (Fla. 1st DCA 2006) (FPEC I). We are called upon to interpret the same CBA, the same legislation, and the same administrative rules that were previously before this court in FPEC I. We note that PERC there determined, as it has here, that the provisions in the CBA regarding the layoff of unit employees could no longer be enforced once the legislature enacted the Service First Initiative, which removed the subject of layoffs from the bargaining table. This court reversed PERC’s dismissal of the ULP for the reason that rule 60K-17 remained operative during the applicable time the layoffs occurred, which were the subject of the ULP charge. We do not reach the same result in the present case because at the time the reduction in the workforce of the Department of Children and Families took place, rule 60L-33.004 had already become effective, with the result that the state was no longer required to follow the procedure controlling layoffs as provided in rule 60K.-17. Such a contingency was in fact contemplated by the parties’ contract. Article 33 of the CBA explicitly states that if a provision of the contract contravenes any laws of the state by reason of “existing or subsequently enacted legislation,” such provision would no longer be applied or enforced.
Because rule 60L-33.004 superseded the procedure controlling layoffs of unit employees, the order of dismissal is
AFFIRMED.
ERVIN, WEBSTER, and PADOVANO, JJ., concur.